IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America,

v.                                                    Case No. 1:20-cr-186-MLB

Jacques Mathieu,

          Defendant.

_____/

**OPINION & ORDER**

Within the first year of serving a 57-month prison sentence, Defendant Jacques Mathieu moves for compassionate release pursuant to 18 U.S.C.§ 3582(c)(1)(A). (Dkt. 73.) The United States opposes his motion on procedural and substantive grounds. The Court denies his request for a myriad of reasons.

## I.   The Background Facts

Following his indictment on multiple counts related to his efforts to smuggle guns and ammunition from the United States into the Republic of Haiti and other crimes, Defendant Mathieu pled guilty to one count of attempting to do that. (Dkt. 59.) The charge to which he pled guilty

involved his attempt to expert 12 firearms and 36,000 rounds of ammunition to Haiti by hiding it in a car he had arranged to ship there. The Presentence Report includes relevant conduct showing Defendant Mathieu had, in fact, purchased at least 32 handguns and up to 213,000 rounds of ammunition from firearms dealers in Georgia and Florida. All seemingly destined for Haiti. In early 2021, the Court sentenced Defendant Mathieu to 57 months' imprisonment. (Dkt. 67.) On December 3, 2021, Defendant Mathieu filed a motion for compassionate release claiming he should be let out of prison because of the Covid-19 outbreak. (Dkt. 73.)

## II. The Law

Previously, compassionate release was only available to an inmate if the Bureau of Prisons ("BOP") filed a motion requesting it. *See* 18 U.S.C. § 3582 (as effective Nov. 2, 2002 to Dec. 20, 2018). The First Step Act of 2018 changed that by allowing a defendant to file a motion for compassionate release directly with the sentencing court, provided he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his or her] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his or her]

facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A court may then modify a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable," the court concludes "extraordinary and compelling reasons warrant the reduction" and that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Section 1B1.13 of the Sentencing Guidelines and its Application Note 1 provide the policy statement for what constitutes "extraordinary and compelling reasons," including certain medical conditions. U.S.S.G. § 1B1.13(2)–(3) (Application Note 1.).[1] The policy statement also says the Court must determine "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* The Sentencing Commission has not updated U.S.S.G. § 1B1.13 since passage

---

[1] Extraordinary and compelling reasons include medical conditions akin to a terminal illness; some other serious physical, medical, or cognitive impairment that prevents the defendant from providing self-care within the correctional facility; the attainment of age 65 with serious deterioration as a result of the aging process; or family circumstance like the loss of a caregiver to minor children or the incapacitation of a spouse with no other caregiver. *See* U.S.S.G. § 1B1.13(2)–(3) (Application Note 1).

of the First Step Act, including possibly to identify additional categories of extraordinary and compelling circumstances. Nevertheless, that section and Application Note 1 still apply and limited what a court may consider as extraordinary and compelling circumstances. *United States v. Bryant*, 996 F.3d 1243, 1265 (11th Cir. 2021).

### III. The Legal Analysis

It appears Defendant Mathieu filed his motion with this Court before first requesting that the warden file such a motion on his behalf and then either exhausting his administrative rights from the denial of that request or waiting 30 days after making the request. The United States posits that argument and nowhere in his motion does Defendant Mathieu state he has submitted a request for compassionate release to the warden of his facility, as is required by 18 U.S.C. § 3582(c)(1)(A). By the plain language of the statute, the Court lacks the authority to consider Defendant Mathieu's compassionate release motion.

But even if he had that authority, the Court would conclude Defendant Mathieu has failed to show extraordinary and compelling circumstances justifying compassionate release. Defendant Mathieu relies on the current Covid-19 pandemic as a basis for release. That is

not a reason identified in the statute or policy statement. His attack on the conditions at Fort Dix, which he describes as "the worst Covid-19 affected prison in the United States," is outdated and inaccurate as demonstrated by the United States. (Dkt. 77 at 9-10.) Defendant's medical records also belie any extraordinary and compelling medical need. He has not suffered any serious illness since being in custody. (Dkt. 78-1 at 1-113.) He has tested negative for Covid-19 several times. (*Id.* at 106, 108, 110.) And, while 66% of the inmates at the Fort Dix facility have obtained the Covid-19 vaccine, Defendant Mathieu has refused to have it, despite having seen medical professionals several times in the last months. (*Id.* at 2-4, 66-67.) The Court seriously doubts an inmate can refuse to protect himself or herself with the vaccine and then argue he or she is at a serious risk from Covid-19. *See United States v. Heard*, 13-CR-40-TWT, Doc. 187, at p. 5 (N.D. Ga. July 8, 2021) (finding no extraordinary and compelling reason for obese inmate with hypertension based on his refusal of the Pfizer vaccine); *United States v. Baeza-Vargas*, 532 F.Supp.3d 840, 844 (D. Ariz. 2021) ("Judges of this Court, as well as others around the country, have ruled with consistency

that an inmate's denial of a Covid-19 vaccination weighs against a finding of extraordinary and compelling circumstances.")

Defendant Mathieu also exaggerates his medical condition. Contrary to his claim, his medical records do not indicate he has been diagnosed with chronic obstructive pulmonary disease and BOP medical professionals have found his respiratory vitals to be within normal limits. Indeed, he has never complained of respiratory issues. (Dkt. 78-1 at 2-3.) There is no evidence he suffers from heart inflammation or obesity and, in fact, his records show his cardiovascular health to also be within normal limits. (*Id*.) The Court concludes Defendant Mathieu has failed to show his diagnosis with Type-2 diabetes, hypertension, and high cholesterol demonstrate he is at any great risk of contracting Covid-19 or being particularly susceptible to it. And again, there is his refusal of the vaccine despite knowing it could protect him in this regard. His generalized medical concerns are not extraordinary or compelling. Likewise, while the Court empathizes with the plight of Defendant Mathieu's daughter, those circumstances do not present a sufficient basis for Defendant Mathieu's release from custody.

Even if the Court concluded it could consider his claim and even if it concluded Defendant's medical conditions (or family circumstances) were somehow compelling, the Court nonetheless is unable to conclude Defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). Mathieu attempted to smuggle tens of thousands of rounds of ammunition and a bunch of guns to Haiti by hiding them in used cars and having them shipped by boat. That was a very dangerous offense, with utter disregard for the safety of ordinary citizens of Haiti who would be hurt or killed with the aid of his lawlessness. And, while he used his ex-wife Kerline Mathieu to facilitate his crime, he still proposes to live and work with her. For the very reasons the Court sentenced Defendant to the high end of the proposed Guideline range, the Court concludes he is still a danger the community, particularly considering he has served barely more than one year of his nearly five-year sentence.

And, even going one step further, if the Court could get around all the other issues and see past the danger he poses to others, the Court still would not, after considering the factors set forth in 18 U.S.C. § 3553(a), exercise its discretion to provide compassionate release. Again,

Defendant Mathieu engaged in a dangerous firearms offense that would have placed innocent people in a desperate country at risk.  To release him from prison after just one year would not promote respect for the law, reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, or protect the public.  It also would not accurately reflect the nature and circumstances of this offense.  Considering all the applicable factors, this Court remains convinced thee sentence imposed is sufficient but not greater than necessary to comply with the purposes of the sentencing statute.

### IV. The Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Mathieu's motion for compassionate release.  (Dkt. 73.)

**SO ORDERED** this 31st day of January, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE